IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

CHARLA L. THEISS AND RAYMOND J.,
THEISS,

              Plaintiffs,        Civ. No. 6:12-CV-2215-PA

                                 **ORDER**

    v.

CITIMORTGAGE INC. As Trustee
for Citi Mortgage Backed
Securities 2003-17 Trust
Mortgage Pass Through
Certificates, Series 2003-17,
et al.,

              Defendants.

---

**PANNER, J.**

    *Pro Se* plaintiffs move for a Temporary Restraining Order
prohibiting defendants from initiating foreclosure proceedings.
The Ninth Circuit has described the standards for deciding
whether to grant a motion for a preliminary injunction:

> To obtain a preliminary injunction, the moving party
> must show either (1) a combination of probable success
> on the merits and the possibility of irreparable

1 - ORDER

injury, or (2) that serious questions are raised and the balance of hardships tips sharply in its favor. These formulations are not different tests but represent two points on a sliding scale in which the degree of irreparable harm increases as the probability of success on the merits decreases. Under either formulation, the moving party must demonstrate a significant threat of irreparable injury, irrespective of the magnitude of the injury.

Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., 868 F.2d 1085, 1088 (9th Cir. 1989) (citations omitted). The speculative risk of a possible injury is not enough; the threatened harm must be imminent. Caribbean Marine Services Co., Inc. v. Baldrige, 844 F.2d 668, 674 (9th Cir. 1988); Fed. R. Civ. Proc. 65(b)(1)(A). The standards for issuing a temporary restraining order are similar to those required for a preliminary injunction. Lockheed Missile & Space Co., Inc. v. Hughes Aircraft Co., 887 F.Supp. 1320, 1323 (N.D. Ca. 1995).

Plaintiffs fail to demonstrate any threat of imminent harm. Although plaintiffs seek an injunction preventing the sale of the property, it appears defendants are not currently proceeding with foreclosure proceedings. See Compl., ¶ 70 ("Defendants will eventually move to have the Subject Property foreclosed.").

////

////

////

////

////

2  - ORDER

Plaintiffs' motion for a Temporary Restraining Order (#7) is DENIED at this time. Because plaintiffs have not demonstrated an imminent threat of harm, I do not inquire into the merits of the underlying claims in plaintiffs' complaint.

IT IS SO ORDERED.

DATED this __17__ day of January, 2013.

OWEN M. PANNER
U.S. DISTRICT JUDGE

3  -  ORDER