IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| CARLA L. THEISS,<br>RAYMOND J. THEISS,<br><br>   Plaintiffs,<br><br>  v.<br><br>CITIMORTGAGE, INC., as<br>trustee for CitiMortgage<br>Backed Securities 2003-17<br>Trust Mortgage Pass Through<br>Certificates, Series 2003-17,<br>CITIMORTAGE, INC.,<br>MORTGAGE ELECTRONIC<br>REGISTRATION SYSTEM, INC.,<br><br>   Defendants.<br><br>CITIMORTGAGE, INC., as<br>trustee for CitiMortgage<br>Backed Securities 2003-17<br>Trust Mortgage Pass Through<br>Certificates, Series 2003-17,<br>CITIMORTGAGE, INC.<br><br>   Defendants and<br>   Counterclaim<br>   Plaintiffs,<br><br>  v.<br><br>CHARLA L. THEISS, RAYMOND<br>J. THEISS, TILLICUM VILLAGE<br>HOME OWNERS ASSOCIATION, INC., | No. 6:12-cv-2215-PA<br><br>**ORDER** |

1 - ORDER

```
OREGON AFFORDABLE HOUSING      )
ASSISTANCE CORPORATION,        )
                               )
        Counterclaim           )
        Defendants.            )
```

**PANNER, J.**

Plaintiffs in this action bring claims for declaratory
relief, injunctive relief, and quiet title.  Defendant
CitiMortgage, Inc. (CitiMortgage) brings a counterclaim for
judicial foreclosure.  Before the Court are Defendants' motions
for summary judgment and Plaintiffs' motion to amend the
complaint.  For the reasons set forth below, Plaintiffs' motion
to amend the complaint is DENIED and Defendants' motions for
summary judgment are GRANTED.  Judgment is for Defendants.

## Background

On August 4, 2006, Plaintiffs took out a loan for $360,000
and executed a Note and Deed of Trust on their property with
CitiMortgage.  The Note obligated Plaintiffs to make regular
payments to CitiMortgage, beginning on October 1, 2006, and
ending on September 1, 2036.  The Deed of Trust names Defendant
Mortgage Electronic Registration System, Inc. (MERS) as the
beneficiary of the loan as nominee for CitiMortgage.  The Deed of
Trust permits CitiMortgage to foreclose on the property in the
event of default on the Note.  The Note is endorsed in blank and
is currently in the possession of CitiMortgage.  CitiMortgage has
acted as the servicer of Plaintiffs' loan since its inception.

At some point prior to June 2010, Plaintiffs defaulted on
the Note by failing to make the necessary payments.  In September
2010, Plaintiffs filed for bankruptcy.  The underlying debt was

2 - ORDER

discharged on January 3, 2011, and on January 7, 2011, the
Bankruptcy Court entered an Order for Relief From Stay permitting
CitiMortgage to foreclosure on the property.  On February 28,
2011, MERS executed an assignment of the Deed of Trust to
CitiMortgage.  That assignment was recorded on March 2, 2011.

As of March 28, 2013, Plaintiffs owed $339,765.22 on the
loan, plus late fees of $1,704.07, appraisal fees of $303,
inspection fees of $405, previously incurred foreclosure costs
and fees of $5,690.23, previously incurred bankruptcy fees and
costs of $700, and accrued interest of $12,669.64.  After
exhausting other efforts to stave off foreclosure, Plaintiffs
filed this action.

Plaintiffs initially hired a company called PSL, apparently
operating out of California, to perform an "audit" of their
mortgage and draft their complaint.  Plaintiffs paid PSL a
substantial sum of money for this service.  No employee of PSL
ever appeared in this case and it does not appear that PSL is
licensed to practice law in Oregon.  Plaintiffs admit in their
depositions that they had no personal knowledge of the facts or
law referenced in their complaint and that they relied entirely
on PSL to provide that information.  Shortly before the close of
discovery, Plaintiffs determined that PSL had cheated them and
hired a different consultant to assist them.

## Discussion

Plaintiffs have filed a motion to amend their complaint.
Defendants have filed motions for summary judgment on both the
original claims of the complaint and on CitiMortgage's
counterclaim for judicial foreclosure.  I will address each of

3 - ORDER

these issues in turn.

## I. Plaintiffs' Motion to Amend the Complaint

On June 28, 2013, Plaintiffs filed a motion to amend their complaint and submitted a proposed amended complaint (PAC). The PAC adds a number of new defendants and several new claims, including claims for monetary damages. The PAC also includes voluminous exhibits, mostly having to do with MERS.

The time for Plaintiffs to file an amended complaint as matter of course under Fed. R. Civ. P. 15(a)(1) has passed. Plaintiffs may therefore only amend with the written consent of Defendants or with the court's leave. Courts should freely give leave when justice so requires. Fed. R. Civ. P. 15(a)(2).

Leave to amend is not automatic, however. Courts are directed to consider 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether plaintiff has previously amended his complaint. In Re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 738 (9th Cir. 2013).

The Ninth Circuit has held that the consideration of prejudice to the opposing party carries the greatest weight and is the "touchstone" of the inquiry. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). A need to reopen discovery, a delay in the proceedings, or the addition of complaints or parties are indicators of prejudice. See e.g. Solomon v. N. Am. Life and Cas. Ins. Co., 151 F.3d 1132, 1139 (9th Cir. 1998)(affirming the district court's finding of prejudice when the motion to amend was made on the eve of the discovery deadline); Zivkovic v. S. Cal. Edison Co., 302 F.3d

4 - ORDER

1080, 1087 (9th Cir. 2002)(affirming the district court's finding
of prejudice when the proposed amendments would have added new
claims, necessitating the re-opening of discovery).

In this case, Plaintiffs filed their motion to amend on the
day discovery closed.  In Plaintiffs' motion, they acknowledge
that they were aware that discovery was closed and that
Defendants intended to file a motion for summary judgment on the
same day.  The PAC adds both new claims and new defendants.
Granting Plaintiffs' motion would necessitate significant delays,
as well as requiring the re-opening of discovery.  I conclude,
therefore, that granting Plaintiffs' motion to amend their
complaint would significantly prejudice Defendants.  Plaintiffs'
motion to amend the complaint is DENIED.

**II. Defendants' Motion for Summary Judgment**

Defendants move for summary judgment on the original
complaint and CitiMortgage's counterclaim for judicial
foreclosure.  Plaintiffs have not responded to Defendants'
motion.

**A. Legal Standard**

Summary judgment shall be granted when the record shows that
there is no genuine dispute as to any material of fact and that
the moving party is entitled to judgment as a matter of law.  Fed
R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242,
247 (1986).  The moving party has the initial burden of showing
that no genuine issue of material fact exists.  Celotex Corp. V.
Catrett, 477 U.S. 317, 323 (1986); Devereaux v. Abbey, 263 F.3d
1070, 1076 (9th Cir. 2001) (en banc).  The court cannot weigh the
evidence or determine the truth but may only determine whether

5 - ORDER

there is a genuine issue of fact. Playboy Enters., Inc. v. Welles, 279 F.3d 796, 800 (9th Cir. 2002). An issue of fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002)(quoting Anderson, 477 U.S. at 248).

When a properly supported motion for summary judgment is made, the burden shifts to the opposing party to set forth specific facts showing that there is a genuine issue for trial. Anderson, 477 U.S. at 256. Conclusory allegations, unsupported by factual material, are insufficient to defeat a motion for summary judgment. Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposing party must, by affidavit or as otherwise provided by Rule 56, designate specific facts which show there is a genuine issue for trial. Devereaux, 263 F.3d at 1076. In assessing whether a party has met its burden, the court views this evidence in the light most favorable to the non-moving party. Allen v. City of Los Angeles, 66 F.3d 1052, 1056 (9th Cir. 1995).

**B. Plaintiff's Claim for Declaratory Relief**

Plaintiffs seek a declaratory judgment determining the rights, obligations, and interests of the parties with regard to the property, particularly as to the validity of the Deed of Trust and Defendants' right to foreclose on the property.

A trust deed may, at the option of the beneficiary, be foreclosed in the same manner as a mortgage. ORS 86.710. The right to foreclose a mortgage accrues when a covenant is breached, the performance of which the mortgage was given to

6 - ORDER

secure and the breach of which the parties agreed would authorize foreclosure. Churchill v. Meade, 88 Or. 120, 124 (1918).

Although a deed of trust may purport to name MERS as the beneficiary, the true beneficiary is the party entitled to collect payment under the note. Brandrup v. ReconTrust Co., NA 353 Or. 668, 691-92 (2013). When a note is transferred by endorsement of the beneficiary, the deed of trust transfers with it by operation of law and it is not necessary to record such transfers. See Barringer v. Loder, 47 Or. 223, 228-29 (1905); Brandrup, 353 Or. at 697-99.

An instrument, such as a promissory note, may be enforced by 1) the holder of the instrument, 2) a non-holder in possession of the instrument, who has the rights of a holder, or 3) a person not in possession of the instrument who is entitled to enforce under other provisions. ORS 73.0301. A person may be entitled to enforce the instrument even if they are not the owner or are in wrongful possession of the instrument. Id. A party in possession of an instrument payable to bearer is the holder of that instrument. ORS 71.2010(2)(u)(A).

In this case, Plaintiffs admit that they executed the Note and Deed of Trust when they took out a loan from CitiMortgage. There is no dispute that the Deed of Trust entitles the beneficiary to foreclose on the property in the event of default. The record establishes that Plaintiffs defaulted on the Note by failing to pay the sums due.

Although the Deed of Trust purports to name MERS as the beneficiary, CitiMortgage is the party entitled to collect payment and is therefore the beneficiary. The record shows that

7 - ORDER

CitiMortgage is in possession of the Note, which is endorsed in
blank.  CitiMortgage is therefore the holder of the Note under
ORS 71.2010(2)(u)(A).  As the Oregon Supreme Court made clear in
Brandrup, there is no obligation for Defendants to record
assignments of the Deed of Trust that occur by operation of law.
Any previous unrecorded assignments of the Note do not,
therefore, affect either the validity of the Note and Deed of
Trust or CitiMortgage's rights as the holder and beneficiary of
the Note.

    I conclude that the Note and Deed of Trust are valid.  I
conclude that, as holder and beneficiary of the Note,
CitiMortgage is entitled to enforce both the Note and the Deed of
Trust.  As Plaintiffs have defaulted on their obligations under
the Note, I conclude that CitiMortgage's right to enforce
includes the right to foreclose.  Defendants' motion for summary
judgment on this claim is GRANTED.  Judgment is for Defendants.

### C. Plaintiff's Claim for Injunctive Relief

    Plaintiffs seek an injunction to prevent Defendants from
foreclosing on the property.  As I have concluded that
CitiMortgage is the holder of the Note and entitled to enforce
it, injunctive relief is not appropriate.  Defendants' motion for
summary judgment on this claim is GRANTED.  Judgment is for
Defendants.

### D. Plaintiff's Claim for Quiet Title

    Plaintiffs request a determination that Defendants' claims
and encumbrances on the property are void.

    In order to prevail on a claim for quiet title, plaintiffs
"must prove that they have a substantial interest in, or claim

8 - ORDER

to, the disputed property and that their title is superior to that of defendants." <u>Coussens v. Stevens</u>, 200 Or. App. 165, 171 (2005).

In this case, Plaintiffs admit that they executed the Note and Deed of Trust. As discussed above, CitiMortgage is the holder of the Note and is entitled to enforce it. The record demonstrates that Plaintiffs have defaulted on the Note and there is nothing to suggest that they have cured the default or that they are able to do so. There is nothing in the record to support the contention that Defendants' interest in the property is, or should be, void. Nor is there anything in the record which would support a claim that Plaintiffs possess an interest in, or claim to, the property superior to that of Defendants. Defendants' motion for summary judgment on this claim is GRANTED. Judgment on this claim is for Defendants.

### E. CitiMortgage's Counterclaim for Foreclosure

CitiMortgage counterclaims for a judgment of judicial foreclosure on the property.

The plain terms of the Note and Deed of Trust permit foreclosure in the event of default. As discussed above, CitiMortgage, as holder of the Note, is entitled to enforce both the Note and Deed of Trust. The record establishes that Plaintiffs were in default on the Note when they declared bankruptcy in 2010. The Bankruptcy Court granted CitiMortgage relief from the bankruptcy stay in order for them to pursue the foreclosure of the subject property. The record demonstrates that Plaintiffs have not cured the default and there is nothing in the record to suggest that they are able to cure.

9 - ORDER

CitiMortgage is therefore entitled to a judgment of foreclosure.  CitiMortgage is directed to submit a proposed judgment within 30 days of entry of this order.  Plaintiffs shall file any objections to the form of the judgment within 20 days of service of the proposed judgment.

### III. **Plaintiffs Use of "Consultants"**

Although they were not represented by counsel, Plaintiffs have hired at least two "consultants" to assist them in this case, particularly in drafting their complaints.  It does not appear from the record that either consultant is licensed to practice law in Oregon.  Nor have their efforts been to Plaintiffs' benefit.  Both the original complaint and the PAC are riddled with factual errors, internal inconsistencies, and irrelevant, confused assertions.  The volume and sloppiness of Plaintiffs' filings greatly extended the time necessary decipher what is, at its core, a fairly simple and straightforward case.

I do not consider Plaintiffs' use of "consultants" in reaching my ruling in this case.  Indeed, it would be unfair to place the blame entirely on Plaintiffs.  It is often the case that when people like Plaintiffs are placed in desperate circumstances, someone will appear to attempt to cheat them out of what they have.  This is not the first case where I have encountered "consultants," and I do not expect that it will be the last, although I hope this case will serve as a warning that hiring such companies is a wasteful, expensive, and pointless endeavor.

### **Conclusion**

For the reasons set forth above, Plaintiffs' motion to amend

10 - ORDER

the complaint is DENIED.   Defendants' motions for summary
judgment are GRANTED.   Defendant Citimortgage is directed to
submit a proposed judgment within 30 days of entry of this order.
Plaintiffs shall have 20 days to object to the form of the
judgment.

IT IS SO ORDERED.

DATED this **23** day of August, 2013.

Owen M. Panner
United States District Judge

11 - ORDER